# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, <br><br> Plaintiff, <br><br> v. <br><br> RIVERBED TECHNOLOGY, INC., <br><br> Defendant. | Case No. 6:17-cv-198 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Realtime Data LLC d/b/a IXO ("Plaintiff," "Realtime," or "IXO") makes the following allegations against Defendant Riverbed Technology, Inc. ("Riverbed" or "Defendant"):

## PARTIES

1. Realtime is a limited liability company organized under the laws of the State of New York. Realtime has places of business at 5851 Legacy Circle, Plano, Texas 75024, 1828 E.S.E. Loop 323, Tyler, Texas 75701, and 66 Palmer Avenue, Suite 27, Bronxville, NY 10708. Realtime has been registered to do business in Texas since May 2011. Since the 1990s, Realtime has researched and developed specific solutions for data compression, including, for example, those that increase the speeds at which data can be stored and accessed. As recognition of its innovations rooted in this technological field, Realtime holds 47 United States patents and has numerous pending patent applications. Realtime has licensed patents in this portfolio to many of the world's leading technology companies. The patents-in-suit relate to Realtime's development of advanced systems and methods for fast and efficient data compression using numerous innovative compression techniques based on, for example, particular attributes of the data.

1

2. On information and belief, Defendant Riverbed Inc. is a Delaware corporation with its principal office at 680 Folsom St, San Francisco, California 94107. On information and belief, Riverbed can be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant Riverbed in this action because Riverbed has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Riverbed would not offend traditional notions of fair play and substantial justice. Riverbed, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents. Riverbed is registered to do business in the State of Texas and has appointed Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street Suite 620, Austin, Texas 78701 as its agent for service of process.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Defendant Riverbed is registered to do business in Texas, and upon information and belief, Riverbed has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,719,438

6. Plaintiff realleges and incorporates by reference paragraphs 1-5 above, as

if fully set forth herein.

7. Plaintiff Realtime is the owner by assignment of United States Patent No. 8,719,438 ("the '438 patent") entitled "Content independent data compression method and system." The '438 patent was duly and legally issued by the United States Patent and Trademark Office on May 6, 2014. A true and correct copy of the '438 patent is included as Exhibit A.

8. On information and belief, Riverbed has used, offered for sale, sold and/or imported into the United States products that infringe various claims of the '438 patent and continues to do so. By way of illustrative example, these infringing products include, without limitation, Riverbed's compression products and services, such as, *e.g.,* the Riverbed Optimization System ("RiOS") software, which operates on Riverbed's SteelHead appliances ("SteelHead"), including but not limited to SteelHead 520, 1020, 2020, 1520, 3020, 3520, 5520, 6020, 1050, 2050, 250, 550, 5050, 6050, 7050, CX555, 755, 1555, EX560, 760, 1160, 1260, CX5055, 7055, C255, EX1360, VCX255, VCX555, CX555, CX570, CX770, EX1360, CX3070, 5070, 7070, Steelhead Mobile, and Steelhead Software as a Service (or "SAAS") and all versions and variations thereof since the issuance of the '438 patent ("Accused Instrumentality").

9. On information and belief, Riverbed has directly infringed and continues to infringe the '438 patent, for example, through its own use and testing of the Accused Instrumentality to practice compression methods claimed by the '438 patent, including a computer-implemented method for accelerating data transmittal on an output to a data storage device, the output associated with an output bandwidth, comprising: receiving a data stream in a received form, wherein the received data stream comprises a plurality of data blocks; determining an input data transmission rate of the data stream based on an amount of data received during a period of time; determining a compression ratio parameter based, at least in part, on the determined input data transmission rate and the output bandwidth; selecting a compression technique from a plurality of compression

techniques such that a compression ratio when the determined compression technique is applied to a data block from the plurality of data blocks in the received form satisfies the determined compression ratio parameter; compressing, using software, the data block using the compression technique to determine a compressed data block; and transmitting, on the output to the data storage device, the compressed data block in an output data stream to the data storage device, the compressing and the transmitting together occurring more quickly than a length of time to transmit the data block on the output in the received form. On information and belief, use of the Accused Instrumentality in its ordinary and customary fashion results in infringement of the methods claimed by the '438 patent.

10. On information and belief, Riverbed has had knowledge of the '438 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, Riverbed knew of the '438 patent and knew of its infringement, including by way of this lawsuit.

11. Riverbed's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentality have induced and continue to induce users of the Accused Instrumentality to use the Accused Instrumentality in its normal and customary way to infringe the '438 patent by practicing compression methods claimed by the '438 patent, including a computer-implemented method for accelerating data transmittal on an output to a data storage device, the output associated with an output bandwidth, comprising: receiving a data stream in a received form, wherein the received data stream comprises a plurality of data blocks; determining an input data transmission rate of the data stream based on an amount of data received during a period of time; determining a compression ratio parameter based, at least in part, on the determined input data transmission rate and the output bandwidth; selecting a compression technique from a plurality of compression techniques such that a compression ratio when the determined compression technique is applied to a data block from the plurality of data blocks in the received form satisfies the determined compression ratio parameter; compressing, using

4

software, the data block using the compression technique to determine a compressed data block; and transmitting, on the output to the data storage device, the compressed data block in an output data stream to the data storage device, the compressing and the transmitting together occurring more quickly than a length of time to transmit the data block on the output in the received form.  For example, Riverbed explains the benefits of selecting the SDR-Adaptive Advanced setting, which "Maximizes LAN-side throughput dynamically under different data workloads. This switching mechanism is governed with a throughput and bandwidth reduction goal using the available WAN bandwidth." See https://support.riverbed.com/bin/support/static/oc1r4qa2pks6172bsj6fte42p4/html/dhatalm0otkq7neeb7h9e9dl8j/sh_ex_4.6_ug/index.html#page/sh_ex_4.6_ug/setupServicePerformance.html.  Riverbed also encourages customers to use the SDR-Adaptive Advanced setting, which it explains provides, "Good data reduction and LAN-side throughput", enabling "the ability to fine tune the data streamlining capabilities and enables you to obtain the right balance between optimal bandwidth reduction and optimal throughput." Riverbed explains that SDR-Adaptive Advanced achieves this balance between data/bandwidth reduction and throughput by "Monitor[ing] disk I/O response times, CPU load, and WAN utilization, and based on statistical trends employ[ing] a blend of disk-based deduplication, memory-based deduplication and compress-based data reduction techniques."  See  https://support.riverbed.com/bin/support/static/fbunsuuo632vi3jrspe0evbko9/html/u2pi6l52l4drmhq3uhck9tu7hm/sh_9.2_dg_html/index.html#page/sh_9.2_dg/dataprotection.html.  Riverbed specifically intended and was aware that the normal and customary use of the Accused Instrumentality would infringe the '438 patent.  Riverbed performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '438 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Riverbed engaged in such inducement to promote the sales of the Accused Instrumentality, *e.g.,* through Riverbed's user manuals,

product support, marketing materials, and training materials to actively induce the users of the Accused Instrumentality to infringe the '438 patent. Accordingly, Riverbed has induced and continue to induce users of the Accused Instrumentality to use the Accused Instrumentality in its ordinary and customary way to infringe the '438 patent, knowing that such use constitutes infringement of the '438 patent.

12. The Accused Instrumentality performs a computer-implemented method for accelerating data transmittal on an output to a data storage device, the output associated with an output bandwidth (e.g., WAN bandwidth). Indeed, Riverbed has already "pleaded guilty" to Steelhead devices accelerating the transmission of data. See, e.g., Riverbed's Reply ISO Motion for MSJ, Realtime Data LLC v. Actian Corp. et al., Case No. 6:15-cv-00463-RWS-JDL, Dkt. No. 470 (E.D. Tex. Mar. 13, 2017) ("Riverbed pleads guilty to providing 'faster speed transmission.' It is what SteelHeads do: accelerate data transmission and application performance across networks of hundreds or even thousands of miles."); see also, e.g., https://support.riverbed.com/bin/support/static/fbunsuuo632vi3jrspe0evbko9/html/u2pi6l52l4drmhq3uhck9tu7hm/sh_9.2_dg_html/index.html#page/sh_9.2_dg/dataprotection.html ("transfer data given certain WAN-side bandwidth constraints"); https://support.riverbed.com/bin/support/static/oc1r4qa2pks6172bsj6fte42p4/html/dhatalm0otkq7neeb7h9e9dl8j/sh_ex_4.6_ug/index.html#page/sh_ex_4.6_ug/setupServicePerformance.html ("This switching mechanism is governed with a throughput and bandwidth reduction goal using the available WAN bandwidth.").

13. The Accused Instrumentality receives a data stream in a received form, wherein the received data stream comprises a plurality of data blocks. For example, the data stream may consist of primary data to be protected through WAN-based backup and data replication. See, e.g., https://support.riverbed.com/bin/support/static/fbunsuuo632vi3jrspe0evbko9/html/u2pi6l52l4drmhq3uhck9tu7hm/sh_9.2_dg_html/index.html#page/sh_9.2_dg/dataprotection.html:



Figure: Data Protection Deployment Using WAN-Based Replication

14. The Accused Instrumentality determines an input data transmission rate of the data stream based on an amount of data received during a period of time. See, e.g., https://support.riverbed.com/bin/support/static/fbunsuuo632vi3jrspe0evbko9/html/u2pi6l52l4drmhq3uhck9tu7hm/sh_9.2_dg_html/index.html#page/sh_9.2_dg/dataprotection.html ("The basis for correctly qualifying, sizing, and configuring SteelHeads for use in a data protection environment depends on that the deployed SteelHeads can: • receive and process data on the LAN at the required rate (LAN-side throughput) … You derive the LAN-side throughput requirements from an understanding of the maximum amount of data that must be transferred during a given time period. Often, the time allotted to transfer data is defined as a target Recovery Point Objective (RPO) for your organization. … Objective: "I want to copy 1.8 TB of nightly database dumps over my OC-3 within a 10-hour window." Formula: 1.8 TB / 10 hours = 400 Mbps").

15. The Accused Instrumentality determines a compression ratio parameter based, at least in part, on the determined input data transmission rate and the output bandwidth. See, e.g., https://support.riverbed.com/bin/support/static/fbunsuuo632vi3jrspe0evbko9/html/u2pi6l52l4drmhq3uhck9tu7hm/sh_9.2_dg_html/index

.html#page/sh_9.2_dg/dataprotection.html ("The X-Factor describes the level of data reduction necessary to fit the LAN data into the WAN link. For example, if LAN-side throughput required to meet RPO is 310 Mbps and WAN-side bandwidth available is 155 Mbps, then X-Factor is 2x. X-Factor is highly dependent on the nature of the data, but in practice it generally ranges from 2x (for LZ-only compression) to 4-8x (for default SDR mode).").

16. The Accused Instrumentality selects a compression technique from a plurality of compression techniques such that a compression ratio when the determined compression technique is applied to a data block from the plurality of data blocks in the received form satisfies the determined compression ratio parameter. See, e.g., https://support.riverbed.com/bin/support/static/oksf8h0os0pck6pv42smvag77t/html/cpgnmrv4gncrfusdps4s1lk261/scc_9.2_ug_html/index.html#page/scc_9.2_html/sh_setupServicePerformance.html ("SDR-Adaptive … Advanced - Maximizes LAN-side throughput dynamically under different data workloads. This switching mechanism is governed with a throughput and bandwidth reduction goal using the available WAN bandwidth."); https://splash.riverbed.com/thread/9089 ("SDR-A: It dynamically blends data streamlining modes to enable sustained throughput during periods of high disk/CPU intensive workloads. This is done by monitoring disk I/O response times. CPU load and WAN utilization and based in statistical trends, employs a blend of disk-based deduplication (SDR), memory based deduplication (SDR-M) and compression based data reduction techniques (LZ). Note: This is the advance setting."); https://support.riverbed.com/bin/support/static/fbunsuuo632vi3jrspe0evbko9/html/u2pi6l52l4drmhq3uhck9tu7hm/sh_9.2_dg_html/index.html#page/sh_9.2_dg/dataprotection.html ("SDR-Adaptive … Advanced - Monitors disk I/O response times, CPU load, and WAN utilization, and based on statistical trends employs a blend of disk-based deduplication, memory-based deduplication and compress-based data reduction techniques."); https://www.riverbed.com/document/fpo/TechOverview-Riverbed-RiOS-6.5.pdf at 11

8

("The scalable data reduction (SDR) operation can be performed interchangeably on the Steelhead appliance, either on disk (as SDR – for more matches and greater data reduction) or in memory (as SDR-M – for faster throughput), or adaptively in either location or both (as SDR-A) for the best fit of each particular connections data and overall workload.").

17. The Accused Instrumentality compresses, using software, the data block using the compression technique to determine a compressed data block. See, e.g., https://support.riverbed.com/bin/support/static/oksf8h0os0pck6pv42smvag77t/html/cpgnmrv4gncrfusdps4s1lk261/scc_9.2_ug_html/index.html#page/scc_9.2_html/sh_setupServicePerformance.html ("SDR-Adaptive … Advanced - Maximizes LAN-side throughput dynamically under different data workloads. This switching mechanism is governed with a throughput and bandwidth reduction goal using the available WAN bandwidth."); https://splash.riverbed.com/thread/9089 ("SDR-A: It dynamically blends data streamlining modes to enable sustained throughput during periods of high disk/CPU intensive workloads. This is done by monitoring disk I/O response times. CPU load and WAN utilization and based in statistical trends, employs a blend of disk-based deduplication (SDR), memory based deduplication (SDR-M) and compression based data reduction techniques (LZ). Note: This is the advance setting."); https://support.riverbed.com/bin/support/static/fbunsuuo632vi3jrspe0evbko9/html/u2pi6l52l4drmhq3uhck9tu7hm/sh_9.2_dg_html/index.html#page/sh_9.2_dg/dataprotection.html ("SDR-Adaptive … Advanced - Monitors disk I/O response times, CPU load, and WAN utilization, and based on statistical trends employs a blend of disk-based deduplication, memory-based deduplication and compress-based data reduction techniques."); https://www.riverbed.com/document/fpo/TechOverview-Riverbed-RiOS-6.5.pdf at 11 ("The scalable data reduction (SDR) operation can be performed interchangeably on the Steelhead appliance, either on disk (as SDR – for more matches and greater data reduction) or in memory (as SDR-M – for faster throughput), or adaptively in either

location or both (as SDR-A) for the best fit of each particular connections data and overall workload.").

18. The Accused Instrumentality transmits, on the output to the data storage device, the compressed data block in an output data stream to the data storage device, the compressing and the transmitting together occurring more quickly than a length of time to transmit the data block on the output in the received form. Indeed, Riverbed has already "pleaded guilty" to Steelhead devices accelerating the transmission of data. See, e.g., Riverbed's Reply ISO Motion for MSJ, Realtime Data LLC v. Actian Corp. et al., Case No. 6:15-cv-00463-RWS-JDL, Dkt. No. 470 (E.D. Tex. Mar. 13, 2017) ("Riverbed pleads guilty to providing 'faster speed transmission.' It is what SteelHeads do: accelerate data transmission and application performance across networks of hundreds or even thousands of miles."); see also, e.g., https://support.riverbed.com/bin/support/static/fbunsuuo632vi3jrspe0evbko9/html/u2pi6l52l4drmhq3uhck9tu7hm/sh_9.2_dg_html/index.html#page/sh_9.2_dg/dataprotection.html: To secure and recover important files and data, more data center-to-data center environments (or branch office-to-data center environments) are using WAN-based backup and data replication (DR). WAN optimization is now a critical part of data protection environments because it can substantially reduce the time it takes to replicate data, perform backups, and recover data. Backup and replication over the WAN ensures that you can protect data safely at a distance from the primary site, but it can also introduce new performance challenges. To meet these performance challenges, Riverbed provides hardware and software capabilities that help data protection environments in the following ways:

• Reduce WAN Bandwidth - By reducing WAN bandwidth, SteelHeads can lower the total cost of current data protection procedures and, in some cases, make WAN-based backup or replication possible where it was not before.

• Accelerate Data Transfer - By accelerating data transfer, SteelHeads meet or improve time targets for protecting data.



Figure: Data Protection Deployment Using WAN-Based Replication

19. Riverbed also infringes other claims of the '438 patent, directly and through inducing infringement, for similar reasons as explained above with respect to Claim 1 of the '438 patent.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentality and touting the benefits of using the Accused Instrumentality' compression features, Riverbed has injured Realtime and is liable to Realtime for infringement of the '438 patent pursuant to 35 U.S.C. § 271.

21. As a result of Riverbed's infringement of the '438 patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for Riverbed's infringement, but in no event less than a reasonable royalty for the use made of the invention by Riverbed, together with interest and costs as fixed by the Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,717,204

22. Plaintiff Realtime realleges and incorporates by reference paragraphs 1-21 above, as if fully set forth herein.

23. Plaintiff Realtime is the owner by assignment of United States Patent No.

8,717,204 entitled "Methods for encoding and decoding data." The '204 patent was duly and legally issued by the United States Patent and Trademark Office on May 6, 2014. A true and correct copy of the '204 Patent is included as Exhibit B.

24. On information and belief, Riverbed has used, offered for sale, sold and/or imported into the United States products that infringe various claims of the '204 patent and continues to do so. By way of illustrative example, these infringing products include, without limitation, Riverbed's compression products and services, such as, *e.g.,* the Riverbed Optimization System ("RiOS") software, which operates on Riverbed's SteelHead appliances ("SteelHead"), including but not limited to SteelHead 520, 1020, 2020, 1520, 3020, 3520, 5520, 6020, 1050, 2050, 250, 550, 5050, 6050, 7050, CX555, 755, 1555, EX560, 760, 1160, 1260, CX5055, 7055, C255, EX1360, VCX255, VCX555, CX555, CX570, CX770, EX1360, CX3070, 5070, 7070, Steelhead Mobile, and Steelhead Software as a Service (or "SAAS") and all versions and variations thereof since the issuance of the '204 patent ("Accused Instrumentality").

25. On information and belief, Riverbed has directly infringed and continues to infringe the '204 patent, for example, through its own use and testing of the Accused Instrumentality to practice compression methods claimed by the '204 patent, including a method for processing data, the data residing in data fields, comprising: recognizing any characteristic, attribute, or parameter of the data; selecting an encoder associated with the recognized characteristic, attribute, or parameter of the data; compressing the data with the selected encoder utilizing at least one state machine to provide compressed data having a compression ratio of over 4:1; and point-to-point transmitting the compressed data to a client; wherein the compressing and the transmitting occur over a period of time which is less than a time to transmit the data in an uncompressed form. On information and belief, Riverbed uses the Accused Instrumentality in its ordinary and customary fashion for its own internal non-testing business purposes, while testing the Accused Instrumentality, and while providing technical support and repair services for the

Accused Instrumentality to Riverbed's customers, and use of the Accused Instrumentality in its ordinary and customary fashion results in infringement of the methods claimed by the '204 patent.

26. On information and belief, Riverbed has had knowledge of the '204 patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, Riverbed knew of the '204 patent and knew of its infringement, including by way of this lawsuit.

27. Riverbed's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentality have induced and continue to induce users of the Accused Instrumentality to use the Accused Instrumentality in its normal and customary way to infringe the '204 patent by practicing compression methods claimed by the '204 patent, including a method for processing data, the data residing in data fields, comprising: recognizing any characteristic, attribute, or parameter of the data; selecting an encoder associated with the recognized characteristic, attribute, or parameter of the data; compressing the data with the selected encoder utilizing at least one state machine to provide compressed data having a compression ratio of over 4:1; and point-to-point transmitting the compressed data to a client; wherein the compressing and the transmitting occur over a period of time which is less than a time to transmit the data in an uncompressed form. Riverbed explains to customers that the Accused Instrumentality performs disk-based deduplication by default: "By default, SteelHeads use their disk-based RiOS data store to find data patterns that traverse the network. Previously seen data patterns do not traverse the network in their fully expanded form. Instead, a SteelHead sends a unique identifier for the data to its peer SteelHead, which sends the fully expanded data. In this manner, data is streamlined over the WAN because unique content only traverses the link once" which results in "Best data reduction". See https://support.riverbed.com/bin/support/static/fbunsuuo632vi3jrspe0evbko9/html/u2pi6l52l4drmhq3uhck9tu7hm/sh_9.2_dg_html/index.html#page/sh_9.2_dg/dataprotection.htm

l. Riverbed also explains to customers the benefits of using the Accused Instrumentality, "Reduced bandwidth utilization. Organizations can cut bandwidth expenses and defer WAN upgrades to control costs. • Enhanced backup, recovery, and replication. Backup, restoration, and data replication operations are accelerated helping minimize data loss and achieve shorter recovery point and time objectives (RPO/RTO). File servers, application servers and even virtual machine images can be backed up in minutes instead of hours or days." See, e.g., https://splash.riverbed.com/servlet/JiveServlet/downloadBody/1198-102-3-4379/Technical%20Overview%20-%20RiOS%208.5.pdf at 3. Indeed, Riverbed has already "pleaded guilty" to Steelhead devices accelerating the transmission of data: "Riverbed pleads guilty to providing 'faster speed transmission.' It is what SteelHeads do: accelerate data transmission and application performance across networks of hundreds or even thousands of miles." See, e.g., Riverbed's Reply ISO Motion for MSJ, Realtime Data LLC v. Actian Corp. et al., Case No. 6:15-cv-00463-RWS-JDL, Dkt. No. 470 (E.D. Tex. Mar. 13, 2017). Riverbed specifically intended and was aware that the normal and customary use of the Accused Instrumentality would infringe the '204 patent. Riverbed performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '204 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, Riverbed engaged in such inducement to promote the sales of the Accused Instrumentality, *e.g.,* through Riverbed's user manuals, product support, marketing materials, and training materials to actively induce the users of the Accused Instrumentality to infringe the '204 patent. Accordingly, Riverbed has induced and continue to induce users of the Accused Instrumentality to use the Accused Instrumentality in its ordinary and customary way to infringe the '204 patent, knowing that such use constitutes infringement of the '204 patent.

28. The Accused Instrumentality practices a method for processing data, the data residing in data fields. See, e.g., http://www.webtorials.com/main/challenge/app-

accel-2006/preso/riverbed/Riverbed.pdf:



29. The Accused Instrumentality recognizes any characteristic, attribute, or parameter of the data, for example, whether the data is duplicative of data previously transmitted over the WAN. See, e.g., https://support.riverbed.com/bin/support/static/oc1r4qa2pks6172bsj6fte42p4/html/dhatalm0otkq7neeb7h9e9dl8j/sh_ex_4.6_ug/index.html#page/sh_ex_4.6_ug/setupServiceDatastore.html ("SteelHeads transparently intercept and analyze all of your WAN traffic. TCP traffic is segmented, indexed, and stored as segments of data, and the references representing that data are stored on the RiOS data store within SteelHeads on both sides of your WAN. After the data has been indexed, it is compared to data already on the disk. Segments of data that have been seen before aren't transferred across the WAN again; instead a reference is sent in its place that can index arbitrarily large amounts of data, thereby massively reducing the amount of data that needs to be transmitted. One small reference can refer to megabytes of existing data that has been transferred over the WAN before.").

30. The Accused Instrumentality selects an encoder associated with the recognized characteristic, attribute, or parameter of the data, for example, replacing duplicative data previously transmitted over the WAN with a reference. See, e.g., https://support.riverbed.com/bin/support/static/oc1r4qa2pks6172bsj6fte42p4/html/dhatalm0otkq7neeb7h9e9dl8j/sh_ex_4.6_ug/index.html#page/sh_ex_4.6_ug/setupServiceDatastore.html ("SteelHeads transparently intercept and analyze all of your WAN traffic. TCP traffic is segmented, indexed, and stored as segments of data, and the references representing that data are stored on the RiOS data store within SteelHeads on both sides of your WAN. After the data has been indexed, it is compared to data already on the disk. Segments of data that have been seen before aren't transferred across the WAN again; instead a reference is sent in its place that can index arbitrarily large amounts of data, thereby massively reducing the amount of data that needs to be transmitted. One small reference can refer to megabytes of existing data that has been transferred over the WAN before.").

31. The Accused Instrumentality compresses the data with the selected encoder utilizing at least one state machine to provide compressed data having a compression ratio of over 4:1. See, e.g., https://www.riverbed.com/document/fpo/TechOverview-Riverbed-RiOS-6.5.pdf at 11 ("Data streamlining ensures the same data is never sent more than once over the WAN. Data streamlining reduces bandwidth consumption for many applications dramatically, typically by 60 to 95 percent. … RiOS data streamlining is highly scalable, with peak compression ratios that can be 100:1 or higher. These compression ratios (as a result of eliminating the transfer of redundant data) are far higher than what typical TCP compression devices could provide.").

32. The Accused Instrumentality point-to-point transmits the compressed data to a client. See, e.g., https://www.riverbed.com/document/fpo/TechOverview-Riverbed-RiOS-6.5.pdf at 11 ("RiOS intercepts and analyzes TCP traffic, segmenting the data and indexing it. Once the data has been indexed, it is compared to data on the disk or in

memory. A segment of data that has been seen before is not transferred across the WAN; instead, a reference is sent in its place. … If the data has never been seen by RiOS before, the segments are compressed using a Lempel-Ziv (LZ) based algorithm and sent to the counterpart RiOS-powered device on the far side of the WAN. There, segments of data are also stored on the counterpart appliance or endpoint. Finally, the original traffic is reconstructed using new data and references to existing data and passed through to the client.").

33. In the Accused Instrumentality, the compressing and the transmitting occur over a period of time which is less than a time to transmit the data in an uncompressed form. Indeed, Riverbed has already "pleaded guilty" to the Steelhead devices accelerating the transmission of data: "Riverbed pleads guilty to providing 'faster speed transmission.' It is what SteelHeads do: accelerate data transmission and application performance across networks of hundreds or even thousands of miles." See, e.g., Riverbed's Reply ISO Motion for MSJ, Realtime Data LLC v. Actian Corp. et al., Case No. 6:15-cv-00463-RWS-JDL, Dkt. No. 470 (E.D. Tex. Mar. 13, 2017); see also, e.g., https://support.riverbed.com/bin/support/static/fbunsuuo632vi3jrspe0evbko9/html/u2pi6l52l4drmhq3uhck9tu7hm/sh_9.2_dg_html/index.html#page/sh_9.2_dg/dataprotection.html ("Accelerate Data Transfer - By accelerating data transfer, SteelHeads meet or improve time targets for protecting data.").

34. Riverbed also infringes other claims of the '204 patent, directly and through inducing infringement, for similar reasons as explained above with respect to Claim 12 of the '204 patent.

35. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentality, and touting the benefits of using the Accused Instrumentality's compression features, Riverbed has injured Realtime and is liable to Realtime for infringement of the '204 patent pursuant to 35 U.S.C. § 271.

36. As a result of Riverbed's infringement of the '204 patent, Plaintiff

Realtime is entitled to monetary damages in an amount adequate to compensate for Riverbed's infringement, but in no event less than a reasonable royalty for the use made of the invention by Riverbed, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Realtime respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Riverbed has infringed, either literally and/or under the doctrine of equivalents, the '438 patent and the '204 patent;

b. A permanent injunction prohibiting Riverbed from further acts of infringement of the '438 patent and the '204 patent;

c. A judgment and order requiring Riverbed to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Riverbed's infringement of the '438 patent and the '204 patent, as provided under 35 U.S.C. § 284; and

d. A judgment and order requiring Riverbed to provide an accounting and to pay supplemental damages to Realtime, including without limitation, prejudgment and post-judgment interest; and

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 3, 2017                                    Respectfully submitted,

*/s/ Marc A. Fenster by permission Andrea Fair*
Marc A. Fenster (CA SBN 181067)
LEAD ATTORNEY
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
Jeffrey Z.Y. Liao (CA SBN 288994)
C. Jay Chung (CA SBN 252794)
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
mfenster@raklaw.com
rmirzaie@raklaw.com
bledahl@raklaw.com
jliao@raklaw.com
jchung@raklaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea Fair
State Bar No. 24078488
E-mail: Andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Plaintiff*
*Realtime Data LLC d/b/a IXO*